**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THERESA DAYTON, personally and as the Personal Representative of the Estate of Thomas E. Cicardo, | No. 13-35876 |
| Plaintiff - Appellee, | D.C. No. 3:12-cv-00245-JWS |
| v. | MEMORANDUM[*] |
| STATE OF ALASKA, | |
| Defendant-third-party-plaintiff - Appellant, | |
| V. | |
| UNITED STATES OF AMERICA, | |
| Third-party-defendant - Appellee. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted August 13, 2014
Anchorage, Alaska

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: FARRIS, D.W. NELSON, and NGUYEN, Circuit Judges.

The state of Alaska appeals from the district court's remand of Valerie Dayton's action against Alaska to state court. We have jurisdiction to hear appeals of remand orders under 28 U.S.C. § 1291 if the case was removed pursuant to 28 U.S.C § 1442. 28 U.S.C. § 1447(d). We also have jurisdiction to review the district court's remand order since the Attorney General filed a Westfall Certification in this case. *Osborn v. Haley*, 549 U.S. 225, 243 (2007). The State of Alaska's notice of appeal is timely as it was filed within thirty days of the district court's order denying Alaska's Rule 60(b) motion. F.R.App.P. (4)(a)(1)(A). We reverse the district court's remand order.

The Westfall Act "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Id.,* at 229. If a federal employee is sued for wrongful or negligent conduct, the Westfall Act grants the Attorney General the power "to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" *Id.* at 229-30 (quoting 28 U.S.C. § 2679(d)( 2)). Once the certification has been made, "the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee." *Id.* at 230. "If the action is launched in state court," it will be removed

2

to a federal district court and "'th[e] certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.'" *Id.* at 241 (quoting 28 U.S.C. § 2679(d)(2)). The Supreme Court reasoned that "Congress adopted the conclusive for purposes of removal language to foreclose needless shuttling of a case from one court to another." *Id.* at 242 (quotation omitted).

The Attorney General certified that the crew members involved in the accident at issue were acting within the scope of their federal employment. Dayton did not challenge this certification when it was made.[1] Dayton argues that the Supreme Court's language in *Osborn* applies only to a narrow situation, citing its statement that "Congress gave district courts no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted." *Id.* at 241. Dayton argues that this language indicates that the Westfall Act does give district courts the authority to remand on other grounds. Shortly after this statement, however, *Osborn* further explains that "[f]or purposes of establishing a forum to adjudicate the case … § 2679(d)(2) renders the Attorney General's

_____

[1]Technically, this case was removed pursuant to 28 U.S.C. § 1442(a)(1) and not § 2679(d)(2). Under 28 U.S.C. § 1653, however, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." *Id.* Dayton does not dispute that the federal government *could have* removed this case pursuant to § 2679, even through it did not do so.

certification dispositive." *Id.* at 242. This conclusion unambiguously holds that the Attorney General's certification establishes federal jurisdiction. Furthermore, if a district court cannot remand even when a certification is unwarranted, it would violate the "anti-shuttling" policy purposes of the Westfall Act to allow for a district court to remand at a later date on other grounds. This case must remain in federal district court as the Supreme Court has clearly held that the Attorney General's certification under "2679(d)(2) renders the federal court exclusively competent and categorically precludes a remand to the state court." *Id.* at 243.

**REVERSED.**